UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH STEVEN TUCKER,                           :
                                                 :
                        Plaintiff,               :        11 Civ. 5781 (JPO)
                                                 :
        -against-                                :        MEMORANDUM AND
                                                 :              ORDER
MTA, *et al*.                                    :
                                                 :
                        Defendants.              :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

    Kevin Steven Tucker ("Plaintiff") brings this claim against, *inter alia*, the Metropolitan Transportation Authority ("MTA") and the Long Island Rail Road Company ("LIRR")[1] alleging violations of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and New York state tort and contract law.  Defendants move to dismiss these claims.  Because all of Plaintiff's claims are time barred, Defendant's motion to dismiss is granted.  Furthermore, this Court directs Tucker's attorney to show cause as to why he should not be sanctioned under under Federal Rule of Civil Procedure 11(c).

**I.    Background**

    **A.    Factual Background**

    The following facts are drawn from the allegations in his Complaint and Amended Complaint, which are presumed true for purpose of this motion.  Plaintiff was hired by LIRR in January 1991 as a laborer and within that year was promoted to electrician.  In February 1983 Plaintiff suffered a non-related brain injury and was hospitalized for six weeks.  Plaintiff was

---

[1] Plaintiff's Amended Complaint (Dkt. No. 14 ("Am. Compl.")) alleges two claims against his union, IBW Local 589, but those claims were dismissed with prejudice by this Court on July 12, 2012.  (Dkt. No. 30.)

placed on medical leave in 1984, but he lacked medical benefits. Because he lacked benefits, he was not able to participate in a sleep disorder study. He hired an attorney who helped him receive benefits from LIRR. However, Plaintiff states that the injuries he suffered affected his seniority status. On June 11, 1991, Plaintiff suffered a traumatic hyphema while on the job. He was out of work for two weeks.

In June 1992, LIRR announced a new no-fault absence policy to curb sick leave abuse. Then, as of 2002, LIRR began to penalize employees for calling in sick, even when the employees attempted to use vacation or personal days. Plaintiff was penalized as a result of this policy.

Plaintiff contends that, through the change in policy, LIRR and MTA created a hostile work environment. Plaintiff left his job on December 1, 2004 (*See* Dkt. No. 2 ("*Pro Se* Compl."), Ex. A ("EEOC Charge")), but Plaintiff claims that his decision to leave amounted to constructive discharge. Plaintiff also claims that, as a result of this harassment and his hostile work environment, he contracted kidney disease, colon cancer, hypertension, diabetes, and seizures. Also, the harassment he "endured to [sic] many years due to Age and Disability" caused him to "suffer[ ] from depression, anxiety, and loss of sleep and general emotional pain and hurt." (Am. Compl. at ¶ 39.)

### B.     Procedural Background

Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR") on March 15, 2011. (EEOC Charge.) Plaintiff received a Notice of Right to Sue Letter on May 7, 2011. (*See Pro Se* Compl.) On August 8, 2011, Plaintiff filed a complaint, *pro se*, in this Court. (*Id.*) On April 2, 2012, Plaintiff, now represented by Andrew J. Schatkin of the Law Offices of Andrew J.

Schatkin, filed an amended complaint. (Am. Compl.) On June 8, 2012, Defendants moved to dismiss the Amended Complaint. (Dkt. No. 25 ("Defs.' Mem.").) Plaintiff opposed the motion on July 14, 2012. (Dkt. No. 31 ("Pl.'s Opp'n.").) Defendant replied on July 23, 2012. (Dkt. No. 32 ("Defs.' Reply").)

## II.   Discussion

### A.   Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw[ ] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

B.   **State Law Claims**

Plaintiff's fifth and sixth causes of action appear to be state law breach of contract and intentional infliction of emotional distress claims, respectively.[2] Defendants argue that these claims are time barred, and they are correct. Plaintiff alleges that he was constructively terminated on December 1, 2004, and thus the breach of contract claim and his intentional infliction of emotional distress claim began to accrue on that day. Plaintiff had six years to file his breach of contract claim from the date of accrual, *see* N.Y. C.P.L.R. 213(2) (McKinney 2012), and one year to file his intentional tort claim from the date of accrual, *see id.* at 215(3); *Goldner v. Sullivan, Gough, Skipworth, Summers & Smith*, 482 N.Y.S.2d 606, 608 (N.Y. App. Div. 1984).[3] However, Plaintiff filed his original Complaint in this Court on August 8, 2011, well over six years after the accrual date. (*Pro Se* Compl.) Because Plaintiff failed to file these

---

[2] Tucker alleges in his fifth cause of action that Defendants "fail[ed] to act in accord with the terms and conditions of the Collective Bargaining Agreement with respect to the rights afforded to Mr. Tucker under that agreement, thereby causing his eventual constructive termination." (Am. Compl. at ¶ 49.) The sixth cause of action alleges that Defendants caused Plaintiff "extreme and severe emotional distress with resulting depression, anxiety, and loss of sleep, and acted beyond the bounds of civilized decency in doing so." (*Id*. at ¶ 51.) Although the latter allegation fails to state a claim recognized under any statutory provision or common law doctrine governing in New York, for purposes of assessing whether the claim is time barred, the Court construes it as tantamount to intentional infliction of emotional distress.

[3] Plaintiff attempts to salvage his intentional infliction claim by arguing, with no citations to case law, that the "continuing violation doctrine" should save this claim because "the after effects of this discrimination" have been ongoing. (Pl.'s Opp'n. at 23.) But to the extent that the doctrine of continuing torts even applies to claims of intentional infliction of emotional distress under New York law, *see Foley v. Mobil Chem. Co.*, 626 N.Y.S.2d 906, 907 (N.Y. App. Div. 1995) (holding the doctrine inapplicable to such claims), it would at most extend the beginning of the accrual period to "the last wrongful act." *Neufeld v. Neufeld*, 910 F. Supp. 977, 982 (S.D.N.Y. 1996) (quoting *Leonhard v. United States*, 633 F.2d 599, 613 (2d Cir. 1980)). Thus, Plaintiff's tort claim is untimely.

claims within the applicable limitations periods, both of Plaintiff's state law claims must be dismissed as untimely.

> C. **Federal Claims**

Plaintiff's first and second claims appear to allege violations of the ADA and the ADEA.[4]  Again, Defendants argue that Plaintiff's claims are time barred, and again, Defendants are correct.  It is well settled that

> [a] litigant must have filed a timely charge (subject to possible enlargement by way of equitable estoppel, waiver, or tolling) with the Equal Employment Opportunity Commission and corresponding state agencies as a condition precedent to the filing of an action in federal court pursuant to the Age Discrimination in Employment Act, Americans with Disabilities Act, or Title VII of the Civil Rights Act.

*Cherry v. City of New York*, 381 Fed. Appx. 57, 58 (2d Cir. 2010) (citations omitted).  In New York, the corresponding state agency is the NYSDHR.  *Id*.

Plaintiff alleges that he was constructively discharged on December 1, 2004, but he did not file a charge with the EEOC until March 15, 2011.  (Dkt. No. 26, Ex. C.)  This is not even close to being within the 300-day administrative filing period.[5]

---

[4] Tucker alleges in his first cause of action that MTA and LIRR "did unlawfully and illegally discriminate against Mr. Tucker by reason of his age, created a course of harassment, a hostile work environment, and thereby causing his constructive termination based on his Age." (Am. Compl. at ¶ 41.)  His second cause of action alleges that Defendants "did unlawfully and illegally discriminate against Mr. Tucker, by reason of his age, by creating a course of harassment, a hostile work environment, and his constructive termination based on his disability."  (Am. Comp. at ¶ 43.)

[5] As he did with his state law claims, Plaintiff argues that the statute of limitations should be tolled because his "extensive health and age related illnesses up to the present" constitute "continuing violations." (Pl.'s Opp'n. at 19).  Again, however, Plaintiff is off the mark.  As the cases cited by Plaintiff himself indicate, the 300-day rule is tolled when there is a "continuous chain of discriminatory *acts*," *not* when the *injury* from the discriminatory acts continues past the 300-day deadline.  *Macellaro v. Goldman*, 643 F.2d 813, 815 (D.C. Cir. 1980) (emphasis added); *see also Yaba v. Roosevelt*, 961 F. Supp. 611, 618-19 (S.D.N.Y. 1997) (explaining that the

Because Plaintiff's claims are time barred, the Court need not reach Defendants' other arguments, including the argument that Plaintiff's contract claim is preempted under the Railway Labor Act.

### III.  Sanctions under Rule 11

Rule 11(c)(3) provides that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order" does not merit sanctions. The case at bar was filed *pro se*; however, on January 18, 2012, Mr. Schatkin wrote a letter to this Court, explaining that he had been retained by Tucker.  (Dkt. No. 12 at 1.)  In that letter, Mr. Schatkin averred that he would "represent Mr. Tucker properly and fully professionally," a promise that he did not fulfill, as evidenced by the frivolous arguments contained in the Opposition to Defendant's Motion to Dismiss filed with this Court.  (*Id*.)

More than anything else, this Court is troubled by the fact that Mr. Schatkin appears to have accepted money from Tucker to litigate a case that was meritless and in which Tucker had no chance in succeeding, given its obvious untimeliness under applicable law.[6]  This Court's concern about the nature of Mr. Schatkin's legal practice is compounded by "his history of filing briefs laden with inaccuracies; ignoring controlling precedent; and disregarding the court's authority."  *Ahmed v. Gateway Grp. One*, No. 12 Civ. 0524 (BMC), 2012 WL 2061601, at *5 (E.D.N.Y. June 7, 2012) (citations omitted).  Accordingly, Mr. Schatkin will be ordered to show cause why he should not be sanctioned, as set forth below.

---

continuing violation doctrine requires discriminatory policies or mechanisms, or else discrimination unremedied for so long that it amounts to a discriminatory policy or practice (citations omitted)).

[6] In his January 18, 2012 letter, Mr. Schatkin asks for an extension because "[i]t was only within the last week the Mr. Tucker was able to pay part of the retainer fee."  (*Id*.)  It is therefore clear that Mr. Schatkin did not take this case on a pure contingency basis.

**IV.	Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. All of Plaintiff's claims are hereby dismissed with prejudice.

Furthermore, Mr. Schatkin is ORDERED to show cause in writing, on or before January 25, 2012, as to why he should not be sanctioned under Federal Rule of Civil Procedure 11(c) in the form of (1) a payment in the amount of legal fees he has received from his client in this case, which amount he shall indicate by representation to the Court, to be returned to the client, or (2) a payment in the amount of attorney's fees and expenses incurred by Defendants since Mr. Schatkin's appearance in this case.

The Clerk of Court is directed to close the Motion at Docket Number 24 and to terminate this case.

SO ORDERED.

Dated:  New York, New York
        January 4, 2013

_____
J. PAUL OETKEN
United States District Judge

7